480 P.2d 143

**Lloyd V. PYNE, Plaintiff and Respondent,**

v.

**Earl N. DORIUS, Director of The Driver License Division, Utah State Department of Public Safety, Defendant and Appellant.**

**No. 11999.**

Supreme Court of Utah.

Jan. 26, 1971.

Ellett, J., concurred and filed opinion.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Chief Asst. Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for defendant and appellant.

George C. Miller, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

After a revocation of the plaintiff's driver's license he was granted a restricted license which limited his right to operate a vehicle except to and from his place of employment. After receiving the restricted license in April, 1969, the plaintiff was convicted of operating a vehicle while under the influence of intoxicating liquor on October 17, 1969, and again on December 3, 1969. After a hearing, the defendant revoked the plaintiff's restricted license.

After the revocation by the defendant, the plaintiff filed these proceedings in the district court seeking a restoration or the issuance of a restricted license. After a hearing by the court, the court issued its order directing the defendant to issue to the plaintiff a restricted license. From the order of the court, the defendant has appealed to this court.

The statute we are here concerned with is Section 41–2–18(d), U.C.A.1953, as amended, which provides as follows:

On recommendation of the trial judge in any case where a person is convicted of any of the crimes referred to in this section, the department [division of drivers' licenses] *may at its discretion* extend to such person the limited privilege of driving a vehicle to and from his place of employment or within other proper limits; provided, however, that *this discretion shall be limited* to cases where undue hardship would result from a failure to extend such privilege, and providing further that *this extension of privilege shall be extended only once to any individual.* (Emphasis added.)

The plain language of the statute makes it discretionary with the department to grant, if it sees fit, a limited privilege of driving a vehicle. The record before us indicates that the only evidence offered by the plaintiff in support of his petition in the district court was the recommendation of the trial judge in whose court the plaintiff was convicted of driving while under the influence of intoxicating liquor. This is insufficient to show that the defendant abused his discretion in failing to grant to the plaintiff a limited driver's permit.

The decision of the district court is reversed. No costs awarded.

CALLISTER, C. J., and HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (concurring):

I concur but wish to make clear that in this case the defendant has no *discretion* to grant another restricted license to the plaintiff. The statute provides: " * * * [T]hat this extension of privilege shall be extended only once to any individual." I think it means that when a license is revoked, the department has a discretion to extend or not to extend a limited privilege to drive a car. However, once that privilege has been extended, and the driver again does something justifying the cancellation of his driver's license, then the department cannot during the period of suspension grant further restricted driving privileges to him.

While the original revocation was in force and effect, the plaintiff herein was twice convicted of crimes requiring cancellation of his driving privileges. The defendant was, therefore, without discretion to grant a further restricted driving privilege to the plaintiff, and the court erred in ordering that he do so.

We need not now decide whether the statute permits only one extension of privilege during the entire life of an individual. It is sufficient to say that the defendant cannot grant a second one to this plaintiff under the facts of this case.